**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles David Ellison, | No. CV-16-08303-PCT-DLR |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court in this federal habeas review of Petitioner's state capital conviction is Respondents' Motion to Preclude Juror Contact Absent a Showing of Good Cause. (Doc. 10.) Respondents request that the Court order Petitioner not to contact any jurors other than by leave of Court upon a showing of good cause that juror misconduct may have occurred during the trial proceedings. (*Id.*) Petitioner has filed a response in opposition asserting that Respondents' reasons for requesting preclusion are not sufficient to prohibit Petitioner's counsel from fully investigating his case. (Doc. 13.) Respondents did not file a reply. The motion is denied for the following reasons.

Federal courts have long recognized that "very substantial concerns support the protection of jury deliberations from intrusive inquiry." *Tanner v. United States*, 483 U.S. 107, 127 (1987). Respondents' position is that this Court should regulate post-verdict juror contact in this federal habeas case as a matter of policy based on the same "long-recognized and very substantial concerns" central to the decision in *Tanner*, which seek to prevent juror harassment and protect jury deliberations from intrusive inquiry. In *Tanner*, the Supreme Court recognized that post-verdict investigation into jury

misconduct would lead in some instances to the discovery of improper juror behavior, but expressed concern that allegations "raised for the first time days, weeks, or months after the verdict, [would] seriously disrupt the finality of the process" and could undermine "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople." *Id.* at 120–21; *see also McDonald v. Pless*, 238 U.S. 264, 267–68 (1915) (noting that public investigation of juror deliberations would lead to "the destruction of all frankness and freedom of discussion and conference").

Generally, a verdict may not be impeached on the basis of the jury's internal deliberations or the manner in which it arrived at its verdict. *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir. 1980).[1] Rule 606(b) of the Federal Rules of Evidence, which prohibits a court from receiving testimony from a juror regarding statements made during deliberations, the effect of anything on a juror's vote, or any juror's mental processes concerning the verdict, is grounded in this common-law rule against admission of jury testimony to impeach a verdict. On the other hand, although jurors may not be questioned about their deliberations and most matters related thereto, they may be questioned regarding any extraneous influence on their verdict. *Tanner*, 483 U.S. at 117; *Traver*, 627 F.2d at 941. Accordingly, Federal Rule of Evidence 606(b) allows jury testimony in limited circumstances to show that (1) extraneous prejudicial information was improperly brought to the jury's attention, (2) an outside influence was improperly brought to bear upon any juror, or (3) there was a mistake in the verdict form. *See Tanner*, 483 U.S. at 121; Fed. R. Evid. 606(b).

Because jurors may not give evidence on their internal deliberations or decision, the practice of counsel in propounding questions on these subjects to jurors after trial is discouraged. *Traver,* 627 F.2d at 941. Where there has been no specific claim of jury

---

[1] The United States Supreme Court recently recognized an exception to this rule when a juror's statements indicate that racial animus was a significant motivating factor in his or her finding of guilt. *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017).

misconduct, "there is no federal constitutional problem involved in the denial of a motion to interrogate jurors." *Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972). However, unlike some courts that strictly prohibit all post-verdict interviews of jurors*, see e.g. United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir. 1985) (prohibiting the post-verdict interview of jurors by counsel, litigants or their agents except under the supervision of the district court, and then only in such extraordinary situations as are deemed appropriate), there is no absolute prohibition of post-verdict interviews of jurors in the Ninth Circuit. *See Hard v. Burlington Northern R.R.*, 812 F.2d 482, 485 (9th Cir. 1987) (explaining that the Ninth Circuit has not joined other courts in holding that evidence acquired in post-verdict interviews conducted without leave of the court makes the evidence obtained inadmissible), *abrogated on other grounds by Warger v. Shauers*, 135 S. Ct. 521 (2014). Though it may be "the better practice . . . for the attorney to seek leave of the court to approach the jury," the Ninth Circuit indicated that the district court could not refuse to consider the evidence obtained in that case from post-verdict juror interviews on that ground. *Id.* at 485 & n.3.

Although district courts have "'wide discretion' to restrict contact with jurors to protect jurors from 'fishing expeditions' by losing attorneys," *see United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007) (quoting *Journal Pub. Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir. 1986)), this Court's local rules do not prohibit Petitioner's federal habeas counsel from contacting and interviewing jurors from Petitioner's state criminal trial. Federal Rule of Evidence 606(b) provides the rationale for this Court's local rule restricting post-verdict contact with jurors. Rule 39.2 of the District of Arizona's Local Rules Civil provides as follows:

> Interviews with jurors after trial by or on behalf of parties involved in the trial are prohibited except on condition that the attorney or party involved desiring such an interview file with the Court written interrogatories proposed to be submitted to the juror(s), together with an affidavit setting forth the reasons for such proposed interrogatories, within the time granted for a motion for a new trial. Approval for the interview of jurors in

> accordance with the interrogatories and affidavit so filed will be granted only upon the showing of good cause. See Federal Rules of Evidence, Rule 606(b).

LRCiv 39.2(b).

However, Local Rule of Civil Procedure 39.2(b), does not apply to Petitioner. The language of LRCiv 39.2(b), which provides that proposed interrogatories must be submitted to the Court "within the time granted for a motion for a new trial," indicates that the rule was drafted to govern contact with federal jurors following trials in federal district court. This conclusion is strengthened when the rule is read together with Local Rule of Civil Procedure 39.1, which governs the procedure for trial by jury in federal district court. *See* LRCiv 39.1.

Respondents also assert, correctly, that there "is no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter." *See Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citing *Harris v. Nelson*, 394 U.S. 286, 296 (1989)). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, because Petitioner is not at this time requesting formal discovery, Rule 6(a), Rules Governing Section 2254 Cases—which requires leave of court upon a showing of good cause to conduct formal discovery—does not restrict Petitioner's informal interviews of jurors.

Even though post-verdict contact with jurors is not prohibited, that is not to say it is entirely without constraint. Arizona's rules of ethics, made applicable to counsel in this case by Local Rule of Civil Procedure 83.2(e), require that a lawyer "shall not . . . communicate with a juror or prospective juror after discharge of the jury if . . . the juror has made known to the lawyer a desire not to communicate; or . . . the communication involves misrepresentation, coercion, duress or harassment." Ariz. R. Sup. Ct. 42, E. R. 3.5 ("E.R. 3.5"). Counsel "may on occasion want to communicate with a juror . . . after the jury has been discharged . . . and may do so unless the communication is prohibited

by law or a court order but must respect the desire of the juror not to talk with the lawyer," and "may not engage in improper conduct during the communication." Ariz. R. Sup. Ct. 42, E.R. 3.5, 2003 cmt 3. Petitioner's counsel have represented to the court that they will follow these ethical rules and be respectful of each juror's right not to discuss the case.

Further, in holding that it is improper and unethical for lawyers to make public the transaction in the jury room or to interview jurors to discover the course of deliberation, the Ninth Circuit recognizes that, except where the inquiry is authorized by statute, "intrusion into the 'expressions, arguments, motives, and beliefs' of jurors during retirement is unanimously condemned.' " *Northern Pac. Ry. Co. v. Mely*, 219 F.2d 199, 205 (9th Cir. 1954) (quoting 8 Wigmore on Evidence § 2348, et seq. (3rd Ed., 1940)). This Court concludes that investigation directed at discovering the inadmissible considerations of motives and influences that led to a juror's verdict, including questions designed to elicit a juror's thoughts on what their verdict might have been in response to evidence presented to jurors post-trial, may very well be deemed harassing and unethical, and thus counsel should consider, to the extent they make such an inquiry, whether they are in compliance with E.R. 3.5. *Cf. Com. v. Moore*, 474 Mass. 541, 52 N.E.3d 126 (2016) (holding that communications "prohibited by law" under state ethical rules include communications in violation of statutory law, specific court orders and court rules, and common-law limitations on post-verdict juror inquiry ).

In conclusion, Petitioner's federal habeas counsel is not required to show good cause prior to informally interviewing jurors from Petitioner's state criminal trial. Accordingly,

//

//

//

//

**IT IS ORDERED** that Respondents' Motion to Preclude Juror Contact (Doc. 10) is **DENIED**.

Dated this 25th day of April, 2017.

_____
Douglas L. Rayes
United States District Judge